Dear Representative Powell,
This office is in receipt of your letter dated July 15, 2005, supplemented July 26, 2005, requesting an opinion regarding House Bill 564 of the 2005 Legislative Session which became Act 373, to become effective August 15, 2005.
Your first question, as I understand it, is whether the referendum election conducted November 5, 1996, in which a majority of the voters of Tangipahoa Parish voted "No" to permitting of video draw poker devices, operates to prohibit the conducting of electronic video bingo in the parish. Secondly you ask if a municipality were to prohibit "video bingo," would such an action include "live bingo" (call bingo) in light of the language contained in Act 373.
The Video Draw Poker Devices Control Law, La. R.S. 27:301 etseq., was enacted by Act 1062 of the 1991 Regular Session of the Legislature, effective July 30, 1991, authorizing the licensing, regulation and operation of video draw poker devices.
Pursuant to La. R.S. 18:1300.21, on November 5, 1996, voters in each of the state's 64 parishes voted on Proposition C: "Shall the operation of video draw poker devices be permitted? Yes () No ()." The majority of voters in 33 parishes voted "No" to Proposition C.
In the 33 parishes voting not to permit the operation of video draw poker devices, including Tangipahoa Parish, in accordance with La. R.S. 18:1300.21(D), video draw poker device gaming was discontinued. However all existing video poker licenses were allowed to be renewed twice after the election. No licenses to conduct video poker gaming have been renewed in those parishes after June 30, 1999, and as of this date, all video poker gaming activity has ceased in those parishes.
La. Const. art. XII § 6(C)(1)(b), which became effective October 15, 1996, provides:
 b. No form of gaming, gambling, or wagering authorized by law on the effective date hereof shall be licensed or permitted to be conducted in a parish in which it was not heretofore being conducted, except licensed charitable gaming which may be conducted in any parish provided it is conducted in compliance with the law, pursuant to a state license or permit unless a referendum election on a proposition to allow such gaming, gambling, or wagering is held in the parish and the proposition is approved by a majority of those voting thereon.
Thus La. R.S. 18:1300.21 D. prohibits the operation of video draw poker devices in Tangipahoa Parish after June 30, 1999, and pursuant to La. Const. art. XII § 6(C)(1)(b), a local referendum would be required to permit video poker to be conducted in the parish in the future. Any election required by Article XII, Section 6(C) of the Constitution of Louisiana may be called only by an enactment of the legislature which specifically authorizes each such election. La. R.S. 18:1300.22.
It should be noted that La. R.S. 18:1300.21 only refers to "gaming activity" which means "with respect to what is authorized by law prior to May 9, 1996 in each parish, the operation of video draw poker devices, the conduct of gaming on a riverboat upon a designated river or waterway, or the conducting of land-based casino gaming operations at the official gaming establishment."
Louisiana R.S. 18:1300.21 does not include "electronic video bingo," which is authorized pursuant to another Title and Section of the Revised Statutes, specifically La. R.S. 4:724, under the "Charitable Raffles, Bingo and Keno Licensing Law" at La. R.S.4:701 et. seq.
Further, La. Const. art. XII § 6(C)(1)(b), specifically exempts "licensed charitable gaming which may be conducted in any parish provided it is conducted in compliance with the law."
Accordingly it would appear that the referendum election results in Tangipahoa Parish from November 5, 1996, do not operate in conjunction with La. R.S. 18:1300.22 to prohibit the operation of electronic video bingo devices conducted in compliance with all applicable laws and regulatory requirements.
As to your second question, whether a municipality may prohibit "video bingo" without prohibiting "live bingo" or call bingo, the answer would appear to be in the affirmative.
Louisiana R.S. 4:706(A), (B) and (D) provide:
 § 706. Decision whether to permit raffles, bingo, and keno A. The governing authority of each such municipality shall decide whether charitable raffles, bingo, and keno as provided for in this Chapter shall be permitted within the limits of the municipality.
 B. The governing authority of each parish shall decide whether charitable raffles, bingo, and keno as provided for in this Chapter shall be permitted within the parish.
 * * *
 D. For the purposes of and as used in this Section, the term "bingo" shall include "electronic video bingo".
Subsection D was added by Act 373 of the 2005 Legislative Session.
"Bingo," as used in the Charitable Raffles, Bingo and Keno Licensing Law, La. R.S. 4:701 et seq., is authorized and defined in La. R.S. 4:707 to be "the game of chance commonly known as bingo or keno played for prizes with cards bearing numbers or other designations, five or more in one line, the holder covering numbers, as objects, similarly numbered, are drawn from a receptacle, and the game being won by the person who first covers a previously designated arrangement of numbers on such a card."
"Electronic video bingo" is authorized pursuant to the provisions of La. R.S. 4:724. Subsection A specifically provides: "Electronic or video machines, hereafter termed `electronic bingo machines', for public playing of bingo may be made available at any location licensed under this Chapter for charitable bingo, provided that all requirements of this Chapter not in conflict with the provisions of this Section are met." Louisiana R.S.4:724(B)(5) provides: "A machine shall play the game of bingo as described in R.S. 4:707(A)(2), except that a random number generator in the machine shall replace the drawing of numbered objects from a receptacle, and may play "cover-all bingo" in which all numbers of the card must be covered." Thus the statute allows for "bingo" to be conducted in two different manners, one with cards and one on a machine equipped with a random number generator.
Pursuant to La. R.S. 4:706(A) and (B), the decision as to whether to permit "bingo" rests with the local governing authority. Subsection D, by including "electronic video bingo" within the meaning of the term "bingo," appears to allow the local governing authority to permit electronic video bingo without specific reference, since "electronic video bingo" was not included in the enumerated forms of charitable gaming contained in La. R.S. 4:706. Subsection D would not appear to prohibit or limit a local government, parish or municipality from deciding which of all the forms of charitable gaming may be conducted within its territorial borders. But more importantly, Act 373 of 2005 also added La. R.S. 4:724(1) which provides:
"Nothing in this Section shall be construed to restrict the authority of local governments to restrict or prohibit the conducting of electronic video bingo."
It should be noted that Subsection I purports to be limited to Section 724; however reading La. R.S. 4:706(D) in conjunction with La. R.S. 4:724(I), clearly indicates the absence of any intention of the legislature to limit, restrict or prohibit local governments from deciding which forms of charitable gaming may be conducted in their respective jurisdictions.
Accordingly it is the opinion of this office that the referendum election results in Tangipahoa Parish from November 5, 1996 do not operate in conjunction with La. R.S. 18:1300.22 to prohibit the operation of electronic video bingo devices conducted in compliance with all applicable laws and regulatory requirements, and further that Act 2005, No. 373, § 1, does not limit or prohibit a local governing authority from selecting which of the various forms of charitable gaming may be conducted.
Hopefully this letter addresses your concerns. Please call if this office may be of further assistance.
Very truly yours,
CHARLES C. FOTI, JR., ATTORNEY GENERAL
BY: _______________________________ Thomas A. Warner III Assistant Attorney General